# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO JONES,<br><br>        Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE SUPERIOR COURTS, et al.,<br>        Defendants. | Case No.: 1:17-cv-00232-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND RESTRAINING ORDER<br>(ECF Nos. 8, 10)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Deno Jones ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 17, 2017. Currently before the Court are Plaintiff's motions for preliminary injunction and temporary restraining order, filed on September 22, 2017. (ECF Nos. 8, 10.)

**I.    Background**

On October 5, 2017, the Court screened Plaintiff's complaint and dismissed it with leave to amend within thirty (30) days. (ECF No. 12.) In his complaint, Plaintiff alleged that he was denied parole consideration under California's Proposition 57, the Public Safety and Rehabilitation Act of

1

2016. He alleged that the defendants in this action, (1) California State Superior Courts, (2) California Department of Corrections, (3) California State Parole Hearing Board, and (4) California State Attorney General, have failed to give effect to Proposition 57.

Plaintiff filed a motion for preliminary injunction and restraining order on September 22, 2017. (ECF NO. 8, 10.) By these motions, Plaintiff seeks to have Proposition 57 apply to him, and in effect, requiring immediate release. Plaintiff seeks to have his three striker sentence adjusted as purportedly required under Proposition 57. (see e.g., ECF No. 8, p. 3.) Plaintiff also filed on September 22, 2017 a blank order to show cause as a motion and requested the court take judicial notice that his administrative remedies were unavailable. (ECF No. 11.)

**II.     Discussion**

**A. Motions for Preliminary Injunction and Restraining Order**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

Plaintiff's complaint was dismissed with leave to amend, and a first amended complaint has not been filed. As a result, at this stage of the proceedings, the Court does not have before it an actual case or controversy. The Court also does not have jurisdiction over the defendants in this action, as there has been no determination that Plaintiff has stated cognizable claims for relief, no service of any complaint has been ordered and no defendants have appeared in this action. Thus, the Court does not have jurisdiction at this time to issue any injunctive relief. Until such time as there is an operative complaint with cognizable claims for relief, any requests for preliminary injunctive relief are premature.

### B. Request for Judicial Notice

Plaintiff asks the court to take judicial notice that his administrative remedies are unavailable. (ECF No. 11.)

Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b). The document submitted is not the type of adjudicative facts that are judicially noticeable. Accordingly, the request for judicial notice will be denied.

### III. Conclusion and Recommendation

For the reasons stated, IT IS HEREBY RECOMMENDED that Plaintiff's motions for a preliminary injunction and restraining order, filed September 22, 2017, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///

///

///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 5, 2017**      /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE