UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO A. JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA SUPERIOR COURTS, et al.,<br><br>　　　　　Defendants. | No. 1:17-cv-00232-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND RESTRAINING ORDER<br><br>(Doc. Nos. 8, 10) |

　　　　Plaintiff Deno A. Jones is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 17, 2017.

　　　　On October 5, 2017, the assigned magistrate judge screened plaintiff's complaint and dismissed it while granting leave to amend within (30) days. (Doc. No. 12.) In his complaint, plaintiff alleged that he was denied parole consideration under California's Proposition 57, the Public Safety and Rehabilitation Act of 2016. He alleged that the defendant in this action, (1) California State Superior Courts, (2) California Department of Corrections, (3) California State

/////

1

Parole Hearing Board, and (4) California State Attorney General, failed to give effect to Proposition 57.

On September 22, 2017, plaintiff filed a motion for preliminary injunction and motion for temporary restraining order. (Doc. Nos. 8, 10.) By these motions, plaintiff seeks to have Proposition 57 applied to him, in effect requiring immediate release. Specifically, plaintiff seeks to have his three strikes sentence imposed upon him in state court adjusted as purportedly required under California's Proposition 57. (*See e.g.*, Doc. No. 8 at 3.) On September 22, 2017, plaintiff filed a blank order to show cause as a motion and requested that this court take judicial notice that administrative remedies were unavailable to him. (Doc. No. 11.)

On October 6, 2017, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for a preliminary injunction and restraining order be denied because the court had previously dismissed plaintiff's complaint, and therefore, had no present case or controversy before it and could not consider plaintiff's motions for preliminary injunction and restraining order in the absence of a first amended complaint.[1] (Doc. No. 13.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days. (*Id.* at 3.) On October 20, 2017, plaintiff timely filed objections to the findings and recommendations. (Doc. No. 14.)

The court has reviewed plaintiff's objections, finds them to be unpersuasive and concludes that there is no basis warranting rejection of the magistrate judge's findings and recommendations. Plaintiff also appears to raise objections to the magistrate judge's October 5, 2017 screening order. Because plaintiff filed a first amended complaint in this action on October 25, 2017, any objections to the magistrate judge's screening order have now been rendered moot.

/////

---

[1] On October 25, 2017, plaintiff filed a first amended complaint (Doc. No. 15) and subsequently filed a motion for a temporary restraining order on November 6, 2017. (Doc. No. 17.) The court notes that the findings and recommendations at issue here (Doc. No. 13) pertain only to plaintiff's motions for a preliminary injunction and for a temporary restraining order relating to his original complaint. (Doc. No. 1.) They do not address, nor will the undersigned address in this order, plaintiff's first amended complaint (Doc. No. 15) or his subsequently filed motion for temporary restraining order. (Doc. No. 17.)

To the extent plaintiff believes this litigation should proceed as a class action, Federal Rule of Civil Procedure 23(a) provides that a class action may only be brought if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Plaintiff is not an attorney and is proceeding without counsel. It is well-established that a layperson cannot ordinarily represent the interests of a class. *See Smith v. Schwarzenegger*, 393 Fed. Appx. 518, 519 (9th Cir. 2010)[2] (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)). Moreover, a non-attorney proceeding pro se may bring his own claims in a legal action, but may not represent others. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C.E. Pope Equity Tr. V. United States*, 818 F.2d 686, 697 (9th Cir. 1987) (non-attorney has a right to appear pro se on his/her own behalf, but "has no authority to appear as an attorney for others.").

Pursuant to 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on October 6, 2017 (Doc. No. 13), are adopted in full;
2. Plaintiff's motion for injunction (Doc. No. 8) and motion for temporary restraining order (Doc. No. 10) are denied; and
3. The matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **December 20, 2017**

UNITED STATES DISTRICT JUDGE

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

3