# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE SUPERIOR COURTS, et al.,<br><br>        Defendants. | 1:17-cv-00232-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 15)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 17)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Deno Jones ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 17, 2017. Plaintiff's complaint was screened and Plaintiff was granted leave to amend. Plaintiff's first amended complaint ("FAC") filed on October 25, 2017 (ECF No. 15), is currently before the Court for screening.

**I.**  **<u>Screening Requirement and Standard</u>**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse Treatment Facility in Corcoran, CA. (SATF) Plaintiff brings suit against (1) California, (2) California Department of Corrections, Secretary Scott Kernan (3) California State Parole Hearing Board, (4) Superior Courts of California, (4) California State Attorney General, (5) S. Kane, (6) T. Jones, (7) Warden Stuart Sherman, and (8) DOES 1-10.

Plaintiff[1] alleges he filed applications under Proposition 57, Sentence Reform Act, to be given effect to him, and it authorizes a court action as remedy should the government refuse to

---

[1] The FAC purports to join in and name additional Plaintiffs: William Allen, Michael Miller, Christopher Bey, Michael Lewis, Carlos Solano, Hector Chacon, Alton Lee Clayton Jr., Richard Stoeckle, Donald Caviness, Richard Anaya, Lenard Andrus, Keneth Grushen. Plaintiffs allege they are all inmates at CSATF. The joinder is by a

give Proposition 57 effect. The Defendants California Superior Courts, California Department of Correction and Rehabilitation, California Parole Hearing Board and the California State Attorney General have failed to give effect to Proposition 57. Plaintiff names S. Kane as "parole representative" and responsible for Parole Board referrals. Defendant T. Jones is a case record analyst supervisor at SATF responsible for case records of inmates. Defendant Stuart Sherman is the Warden and is responsible for health and safety of inmates at the facility.

Plaintiff alleges that on or about August 2, 2017 through August 20, 2017, Plaintiff Jones submitted a CDCR 22 to Defendant Kane requesting recall of commitment recommendation and that all recall eligibility requirements pursuant to 15 C.C.R. §3076 have been satisfied. Plaintiff Jones alleges that Defendant Kane failed or refused to initiate the recall of commitment recommendation, in violation of Due Process under California Constitution Art. 1, sec. 28 (ECF No. 15 p. 5.) Plaintiff alleges that Defendant T. Jones ignored the requirements of Title 15 and the California Constitution. Plaintiffs, "and each of them," have petitioned and filed administrative requests for parole hearing under Proposition 57 which have been denied.

In Claim I, Plaintiff alleges each defendant breached their duty by denying the rights under the California Constitution Art. 1, sec 32. While the allegations are ambiguous, the Court interprets that each defendant failed to follow the law and denied plaintiffs the right of sentence adjustments based on the Cal. Constitution Art. 1, sec. 32. In Claim II, Plaintiff alleges defendants denied enforcing Cal. Constitution Art. 1, sec. 32. Plaintiff alleges that the California Superior Court did not grant habeas corpus relief upon application based on the void judgments. Defendant State Parole Hearing Board is required to consider parole release of prisoners who served their primary offenses. California Attorney General is required to cause Cal. Constitution Art. 1, sec. 32 to be given effect, yet no Defendant has adjusted Plaintiff's sentence.

Plaintiff asks for an injunction or mandate to compel Defendants to act consistent with Proposition 57.

---

"verification" sheet attached to the FAC which lists these individuals, some of whom have signed their name to the verification.

III. **Deficiencies in Complaint**

As discussed more fully below, Plaintiff's complaint fails to state a cognizable claim.

A. **Linkage and Eleventh Amendment**

Plaintiff sues several State entities for alleged constitutional violations.

1. **Lack of Linkage**

Most of plaintiff's allegations fail to assert the requisite causal link between the challenged conduct, a specific defendant, and a clearly identified constitutional violation. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft, 556 U.S. at 676–7; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676–77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074–75 (9th Cir. 2013).

Plaintiff fails to link Defendants Kernan, Kane, Jones and Sherman to any deprivation of his rights. Plaintiff may not simply refer to their titles or duties and say that they did not follow the law. Instead, Plaintiff's complaint must link each individually named defendant to an alleged deprivation of his rights and state what he did or did not do.

2. **Institutional Defendants**

Plaintiff names the State of California, CDCR, California State Superior Courts, California State Parole Hearing Board and the California State Attorney General as defendants in this action and seeks injunctive relief.

Plaintiff is informed, again, that the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state

agencies (such as the California Department of Corrections and Rehabilitation) and individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009). "However, under Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]" Fireman's Fund, 302 F.3d at 957 n. 28 (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, (1997) (citing Ex Parte Young, 209 U.S. at 123).

As Plaintiff has been informed, Plaintiff cannot state a cognizable claim as against any of these entities as they are immune under the Eleventh Amendment.

**B.    Proposition 57**

On November 8, 2016, the California voters approved The Public Safety and Rehabilitation Act of 2016—Proposition ("Prop") 57—and it took effect the next day. People v. Marquez, 11 Cal. App. 5th 816, 821, 217 Cal.Rptr.3d 814 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). Proposition 57 added Article 1, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).) Proposition 57 only provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings (Cal. Const. Art. I, Sec. 32(a)).

California state court cases addressing application of Proposition 57 are unpublished decisions (See Cal. Rules of Court 8.1115). They, nonetheless, uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle Plaintiff to seek relief in court in the first instance. Indeed, the plain language of the Art. I, sec. 32 provides that a person is eligible for "parole consideration." Any determination as to appellant's right to parole under Proposition 57 must be made, in the first instance, by the appropriate agency.

Further, Plaintiff's claim is not cognizable under §1983 as it asserts only a violation or misinterpretation of state law. Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States. Swarthout v. Cooke, 562 U.S. 216, 222, 131 S. Ct. 859, 863, 178 L. Ed. 2d 732 (2011) (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).

Plaintiff is merely alleging a violation of state law, which is not cognizable under §1983. Further, the amended complaint does not cure the deficiency as to Plaintiff's eligibility for parole. Plaintiff has not alleged that he qualifies for parole consideration under the requirements of Proposition 57. Plaintiff alleges he is "no longer a three striker," but this does not bring him within the language of Proposition 57.[2] None of the other "plaintiffs" make any factual allegations about their eligibility under state law. State courts "are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

The other "named Plaintiffs" fail to allege violations of federal constitutional rights or that they qualify for parole, even if a state law violation were cognizable under §1983.

---

[2] Plaintiff is informed that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims have been stated.

## C. A Section 1983 Lawsuit Cannot Challenge Duration

Plaintiff seeks immediate release from custody. To the extent Plaintiff seeks to challenge the duration or fact of his sentence, his sole federal remedy is a writ of habeas corpus and a lawsuit under 42 U.S.C. § 1983 is inappropriate. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

As explained below, in a § 1983 lawsuit, Plaintiff is restricted to limited procedural challenges and cannot proceed if he seeks to challenge the validity or duration of his sentence. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) ("§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner...habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement."). Federal courts may order a new parole suitability hearing only under very limited circumstances that are not alleged here. See Swarthout v. Cooke, 562 U.S. 216, 219-20 (2011) (federal courts may not intervene in a BPH decision if minimum procedural protections were provided, i.e., an opportunity to be heard and a statement of the reasons why parole was denied). Thus, Plaintiff's claims are not cognizable to the extent he is seeking to order his immediate or speedier release.

## D. Due Process—Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment does not provide any right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 562 U.S. 216, 220 (2011). When a state enacts a statutory scheme allowing parole, however, the state creates a liberty interest and "the Due Process Clause requires fair procedures for its vindication." Id. The liberty interest at issue here is the interest in receiving parole consideration when the California standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest." Swarthout, 562 U.S.at 862. In the context of parole, the Supreme Court has held that the procedures required are minimal. Swarthout, 562 U.S. at 220 (internal citations omitted). See

also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision....").

The court is not convinced that there is mandatory language in Proposition 57 creating a constitutionally protected liberty interest in parole eligibility, of which Plaintiff cannot be deprived without due process. Compare Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711 (9th Cir.2011) (holding that Oregon's murder review statute creates a liberty interest in early parole eligibility). Parole consideration of person who is eligible under Proposition 57 is discretionary and is a matter of state law. Plaintiff may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). The violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983.

To the extent plaintiff is alleging a claim under Proposition 57 against the named defendants, he does not explain how any actions they took impacted a parole determination.

Insofar as Plaintiff is attempting to bring suit against Defendant Kernan, Kane, Jones and Sherman in their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation."

Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has failed to allege that these Defendants engaged in either direct conduct in the constitutional violation or by identifying a policy that was so deficient that the policy itself a repudiation of the Plaintiff's rights. That they purportedly did not follow state does not state a federal violation. Given the allegations in this case, no further leave to amend is warranted.

### E. Title 15 of the California Code of Regulations

Plaintiff contends that the Defendants violated Title 15, section 3067 of California's Code of Regulations. However, the regulations governing the conduct of prison employees do not necessarily give rise to liability if the officers breach them. Indeed, the Court has found no authority to support a finding that there is an implied private right of action under Title 15. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that the plaintiff fails to state a claim upon which relief may be granted.

### F. Multiple Plaintiffs

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354. Actions brought by multiple pro se prisoners present unique problems not presented by ordinary civil litigation which may result in delayed case management, confusion, and prejudice to individual plaintiffs. Rubino v. Hayes, No. C 14-05553 EJD (PR), 2015 WL 13359487, at *2 (N.D. Cal. June 2, 2015); See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (recognizing that under Rule 20(a), joinder is proper if "(1) the plaintiffs asserted a right to relief arising out of the same transaction and occurrence and (2) same question of law or fact common to all the plaintiffs will arise in the action," and then courts must consider whether permissive joinder "'would comport with the principles of fundamental fairness' or would result in prejudice to either side.")

Here, each of the joinder plaintiffs has not set forth factual allegations as to their convictions and allegations of their eligibility. From the Court's review of the amended complaint, the Complaint's allegations relate solely to Plaintiff D. Jones and that the remaining

Plaintiffs merely "signed on." There are significant procedural and management problems for this type of "joinder."  For instance, the Court has no information as to each plaintiff's status as a possible prisoner subject to the Three Strikes provision of the PLRA and/or a vexatious litigant.  Moreover, delay can, and often does, result from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals.  See e.g, Ham v. CDCR, No. 1:17CV01435 LJO MJS(PC), 2018 WL 1532375, at *3 (E.D. Cal. Mar. 29, 2018).  Other procedural issues arise from the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs.  Therefore, the Court finds that in management of its docket, the joinder of the plaintiff creates procedural unique problems which cannot be mitigated.

The Court has considered whether to sever the claims of the joined plaintiff, but finds that severance is improper.  The amended complaint fails to state a cognizable 1983 claim, and cannot be amended to cure the deficiencies noted in this order.  Therefore, there is no prejudice to the joined plaintiffs for dismissal of a non-cognizable claim and severance is not warranted.

### G. State Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, Plaintiff fails to state a claim for relief on his federal claims for violations of 42 U.S.C. § 1983. As Plaintiff has failed to state any cognizable federal claims in this action, the Court declines to exercise supplemental jurisdiction over any state law causes of action. See 28 U.S.C. § 1367(c)(3).

## H. Temporary Restraining Order

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish [ (1) ] that he is likely to succeed on the merits, [ (2) ] that he is likely to suffer irreparable harm in the absence of preliminary relief, [ (3) ] that the balance of equities tips in his favor, and [ (4) ] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has held that " 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," even if the moving party cannot show that he is likely to succeed on the merits. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (" '[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.' " (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)) ).

Plaintiff has requested a temporary restraining order or preliminary injunction to have Proposition 57 applied to him and grant him immediate release. (Doc. 17.) In light of the

recommendation that the complaint be dismissed without leave to amend, plaintiff is unable to demonstrate any likelihood of success on the merits and his motion should be denied.

**IV. Conclusion and Order**

For the reasons discussed above, Plaintiff's first amended complaint fails state a claim upon which relief may be granted under section 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies of his complaint by amendment. Therefore, further leave to amend is not warranted in this action. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The federal claims in the First Amended Complaint be dismissed for failure to state a claim upon which relief may be granted, without leave to amend;

2. The state law claims, if any, be dismissed without prejudice; and

3. Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 17) be denied.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 18, 2018**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE